IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RASHIDA JOHNSON, as Personal Representative
of the Estate of RUTH A. HAWKINS, Deceased and
WILKINS KING, JR., as Special Representative of the
estate of Ruth A. Hawkins, Deceased                                            PLAINTIFFS

VS.                         CASE NO. 3:03CV00059

VARTAN ALLAHVERDI, ET AL.                                                      DEFENDANTS

BETTY MOSLEY and GREGORY HARVEY,
As Personal Representatives of the Estate of
Antoin Harvey, Sr., Deceased                                                   PLAINTIFFS

VS.                         CASE NO. 3:04CV0077

VARTAN ALLAHVERDI, ET AL.                                                      DEFENDANTS

GILBERT CENTRAL CORPORATION                                                    CROSS-CLAIMANT

VS.

VARTAN ALLAHVERDI AND ART EXPRESS, INC.                                        CROSS-DEFENDANTS

EDWARD HAWKINS, as Special Administrator
of the Estate of Janese L. Hawkins, Deceased, and
LATOYA COLE, As Special Administrator of the
Estate of Antoin S. Harvey, Deceased                                           PLAINTIFFS

VS.                         CASE NO. 3:04CV00295

VARTAN ALLAHVERDI, ET AL.                                                      DEFENDANTS

ORDER

Based upon the Court's findings of fact and conclusions of law delivered in open court at

the March 30, 2006 hearing (1) Gilbert Central Corporation's Motion for Summary Judgment is

1

denied[1]; (2) Gilbert Central Corporation's oral Motion for Non-Suit of its indemnity claim against APAC-Tennessee, Inc. ("APAC") is granted and the claim is dismissed without prejudice (without objection by APAC) rendering APAC's Motion for Summary Judgment as to Gilbert Central Corporation moot[2]; (3) APAC's Motion for Summary Judgment as to the plaintiffs is granted and plaintiffs' claims against APAC are dismissed with prejudice[3]; (4) Gilbert Central Corporation and APAC's Motion for Partial Summary Judgment and Petition to Challenge the Constitutionality of Act 1516 of 2001 (Loss of Life damages) is denied[4]; (5) the Joint Motion to Bifurcate is denied[5]; (6) Vartan Allahverdi's and Art Express, Inc.'s Motion *in Limine* to exclude evidence of defendant Allahverdi's March 18, 2000 motor vehicle accident and his subsequent guilty pleas to the criminal charges resulting therefrom is granted[6]; (7) plaintiffs' Motion *in Limine* to exclude evidence or comment regarding any arrests of Scott Hawkins or any questions regarding baptism or religious beliefs of any decedents is granted[7]; Plaintiffs' Motion for Extension of Time to Respond and to File Motions *in Limine*[8] is granted[9]; (8) Joint motion to

---

[1](#78 in 3:03CV00059, #114 in 3:04CV00077, #70 in 3:04CV00295).

[2](#93 in 3:03CV00059, #130 in 3:04CV00077, #85 in 3:04CV00295).

[3](#93 in 3:03CV00059, #130 in 3:04CV00077, #85 in 3:04 CV00295).

[4](#81 in 3:03CV00059, #73 in 3:04CV00295, #117 in 3:04CV00077).

[5](#87 in 3:03CV00059, #122 in 3:04CV00077, #79 in 3:04CV00295).

[6](#106 in 3:03CV00059, #136 in 3:04CV00077, #92 in 3:04CV0295).

[7](#140 in 3:03CV00059, #129 in 3:04CV00295).

[8](#109 in 3:04CV00295).

[9]Plaintiffs are granted an extension up to, and including April 1, 2006 to file responses and up to, and including March 29, 2006 to file motions *in limine*.

Apply the Substantive Law of Wisconsin or, in the althernative, to Declare Applicatin of the Old Form of Joint and Several Liability Unconstitutional is denied[10] and (9) plaintiffs Betty Mosley's and Gregory Harvey's Motion to Adopt Motions and Memoranda of Plaintiffs Rashida Johnson and Edward Hawkins[11] is granted.[12]

      IT IS SO ORDERED THIS __31__ day of __March__, 2006.

 

_____
James M. Moody
United States District Judge

---

[10](#89 in 3:03CV00059, #125 in 3:04CV00077, #81 in 3:04CV00295).

[11](#149 in 3:04CV00077).

[12]Based upon the oral motions made at the hearing, all motions and responses are to be considered joint pleadings filed on behalf of the defendants and all motions and responses filed by the plaintiffs are to be considered joint pleadings.